# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JUSTYN EDWARDS, | ) | CASE NO. 4:15CR170 |
| | ) | CASE NO. 4:18CV349 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Justyn Edwards ("Edwards") moves to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (Doc. No. 27 ["§ 2255 Mot."]). Now before the Court is the motion of respondent United States of America (the "government") to dismiss the § 2255 motion as untimely (Doc. No. 29 ["MTD"]). Edwards opposes the motion (Doc. No. 30 ["MTD Opp'n"]). For the reasons that follow, the government's motion to dismiss is GRANTED and Edwards' § 2255 motion is DENIED as time-barred.

## I. BACKGROUND

On May 6, 2015, Edwards was charged by indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) On July 8, 2015, he entered a plea of guilty to the indictment without a written plea agreement. (Minutes of Proceedings, July 8, 2015.) On November 13, 2015, the Court sentenced Edwards to a term of imprisonment of 57 months. (Doc. No. 26.) The judgment provided that Edwards was to participate in a cognitive behavioral treatment program and undergo a mental health

evaluation and/or participate in a mental health treatment program. (*Id*. at 138.[1])

Edwards did not take a direct appeal. Instead, on February 12, 2018, more than two years after the Court entered final judgment, Edwards filed the present § 2255 motion. In his motion, Edwards maintains that appointed trial counsel "failed to address the court in refference [sic] to the movant being diagnosed with a mental disability that rendered him disabled by the Social Security Administration ['SSA']." (§ 2255 Mot. at 142.) While he concedes that defense counsel "mentioned" his mental health "issue," Edwards claims that counsel did not "state that the movant was disabled due to that mental health issue." (*Id*.) He insists that had counsel properly raised this issue, the Court would have determined that he lacked the capacity to knowingly enter a guilty plea or commit the underlying charged weapons offense. (*Id*.)

## II. EVIDENTIARY HEARING

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the guilty plea and sentencing hearings, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citation omitted).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Edwards' motion—filed more than one year after his sentence became final—is time-barred under the governing statute, and Edwards has not come forward with any facts that would demonstrate that he is entitled to equitable tolling.

### III. EDWARDS' MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on November 13, 2015. Because Edwards did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Fed. R. App. P. 4(b)(1).[2] Edwards was required to file his § 2255 motion by November 27, 2016. Instead, he filed the instant motion on February 12, 2018, more than 14 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

### IV. EDWARDS IS NOT ENTITLED TO EQUITABLE TOLLING

Edwards does "not deny that the petition was filed outside of its time limits[.]" (Reply at 150.) Further, he has not identified an impediment created by the government, a new right recognized by the United States Supreme Court, or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present motion. *See* § 2255(f)(2)–(4). Rather, Edwards suggests that he is entitled to equitable tolling "due to [his] mental disability[.]" (Reply at 150.) In support, he has filed a "letter reference" from the Social Security Administration, dated June 7, 2018, indicating that Edwards was approved to receive disability benefits in August 2013. (Doc. No. 31 (Letter).)

Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quotation marks and citation omitted). Edwards is entitled to equitable tolling of the limitations period for filing a § 2255

---

[2] Prior to the 2009 amendment, Rule 4(b)(1) provided for a 10-day period for appealing a judgment in a criminal case.

motion "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quotation marks and citation omitted); *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quotation marks and citation omitted). Edwards bears the burden of demonstrating that he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

It is true that the Sixth Circuit has held that "mental incompetence or incapacity may provide a basis for equitable tolling." *Ata*, 662 F.3d at 741 (citation omitted). However, mental incompetence or incapacity is not a *per se* reason to toll the statute of limitations. *See McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008). To be entitled to equitable tolling under this exception, a petitioner would have to show that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the relevant statute of limitations. *Ata*, 662 F.3d at 742. A petitioner satisfies this test only when he offers competent evidence demonstrating that he was unable rationally or factually to understand the need to timely file, or that his mental state rendered him personally unable to prepare his post-conviction petition. *See Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (adopting the test announced in *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010)).

A mere assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a petition must show a causal link between the mental condition and failure to file on time. *Ata*, 662 F.3d at 742 (citing *McSwain* 287 F. App'x at 456). This causal link must be concrete and specific. *See Atta*, 662 F.3d at 743. For example, in *McSwain*, the Sixth Circuit

upheld the denial of equitable tolling on the basis of mental illness because the prisoner did not meet the burden of showing that her mental illness prevented her from timely filing her motion. 287 F. App'x at 458. Instead, the prisoner indicated that she suffers from Dissociative Identity Disorder and she "likely suffers periods of incompetency which would affect her ability to file a timely habeas petition." *Id*. The Court held that the prisoner's assertion was too speculative and did not establish a causal link. Additionally, the court held that an evidentiary hearing was not required because the prisoner failed to allege facts that, if believed, would have established the causal link. *Id*.; *Cf. Ata*, 662 F.3d at 743 (prisoner established his right to equitable tolling due to mental illness through concrete evidence that he was hospitalized and medicated, preventing him from understanding and complying with AEDPA's statute of limitations).

In the present case, Edwards asserts that he is "rightfully entitled" to equitable tolling because of his mental disability. (Reply at 150.) Edwards does not provide competent evidence demonstrating that he was unable rationally or factually to understand the need to timely file or that his mental state rendered him personally unable to prepare his post-conviction petition. Instead, Edwards merely provides evidence that he was approved for Supplemental Social Security Income ("SSI") in August 2013 based upon his diagnosis of Schizophrenia and Personality Disorders. (Doc. No. 31.) The standard the SSA uses to determine eligibility for SSI is different than the mental incompetence standard used for the tolling of a criminal statute. Even if such a determination could establish mental incompetence, it *alone* does not demonstrate that this mental deficiency rendered Edwards unable to comply with the time requirements of § 2255. Similar to *McSwain*, Edwards' allegations are too speculative to establish the required causal link. Thus, Edwards has not met his burden of showing that his mental health problems

rendered him unable to file the motion within the limitations period.[3] Therefore, Edwards is not entitled to equitable tolling on the basis of his mental disability.

## V. EDWARDS' INEFFECTIVENESS CLAIM WOULD FAIL ON THE MERITS

Of course, if the Court were to reach the merits of Edwards' time-barred claim, the motion would fail because Edwards cannot demonstrate that he was denied the effective assistance of counsel. Edwards alleges that his counsel failed to notify the Court that he received an award of disability benefits from the SSA upon a determination that he was disabled under the Social Security Act. Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). To establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Under the first *Strickland* prong, deficient performance means that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the case's facts, viewed as of the time of the attorney's conduct. *Id.* at 688, 690. In order to establish deficient performance, the habeas petitioner must show that counsel's performance "fell below an

---

[3] In his reply, Edwards sought leave to provide further legal memorandum. However, he does not even allege that his mental deficiencies prevented him from complying with the § 2255 filing requirements, and points to no facts that, if believed, would establish his right to equitable tolling. His request to provide additional briefing is DENIED.

objective standard of reasonableness." *Beuke v. Houk*, 537 F.3d 618, 642 (6th Cir. 2008) (quoting *Strickland*, 466 U.S. at 687–88) (quotation marks omitted). Judicial scrutiny of counsel's performance, however, is "highly deferential." *Strickland,* 466 U.S. at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's (hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998).

In order to establish the second *Strickland* prong, prejudice, a petitioner must show a reasonably probability that, but for counsel's errors, petitioner's sentence would have been different. *Strickland,* 466 U.S. at 694. Therefore, if the error had no effect on the judgment then the error by counsel does not warrant setting aside the judgement. *Id.* at 691.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While a petitioner does not have to demonstrate that he would have prevailed at trial, a petitioner alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003).

Here, Edwards does not meet either prong of the *Strickland* standard. First, Edwards has not established that his attorney's performance fell below the objective standard of

8

reasonableness. Edwards alleges that his counsel "failed to state that [he] was disabled due to [his] mental health issue." (§ 2255 Mot. at 142.) However, Edwards concedes that his counsel raised his mental deficiencies. (*Id*.) Failure to use the term "disabled," especially in the context of a determination by a separate administrate agency, does not amount to an error "so serious that counsel was not functioning as 'counsel' guaranteed by Sixth Amendment." *Strickland*, 466 U.S. at 687. Counsel having properly raised all of his client's relevant personal characteristics, including Edwards's mental health issues, the Court cannot find that counsel's actions were anything but objectively reasonable.

Moreover, at the change of plea hearing, the Court conducted a thorough colloquy with Edwards to ensure that he understood the nature of the rights he was giving up by entering a guilty plea, and that it was his intention to plead guilty. Edwards indicated that he wished to plead guilty, he understood the consequences of such a plea, he had not been coerced into pleading or promised anything to enter such a plea, and that he had been afforded a sufficient amount of time to consult with counsel prior to the hearing. Defense counsel also advised the Court that his client understood his decision to plead guilty and was doing so voluntarily. It was the Court's impression that Edwards understood the nature of his plea, and that he was entering it knowingly and voluntarily. From the record before the Court, there was nothing that would have suggested to the undersigned that Edwards was mentally incompetent or lacked the capacity to enter a guilty plea, and raising the Social Security's award of benefits would not have changed the Court's decision to accept Edwards' guilty plea. In fact, the Court specifically raised the issue of competency at the hearing, and Edwards, defense counsel, and government counsel all agreed that there was no mental impediment that would prevent Edwards from tendering a

9

knowing and voluntary plea. Under all of these circumstances, Edwards' counsel cannot have been ineffective for failing to raise his client's entitlement to social security disability benefits.

Further, Edwards' mental deficiencies were raised, again, prior to sentencing. For example, the Presentence Report provided that Edwards "suffers from schizophrenia, paranoia, and depression." (Doc. No. 24 (Revised Presentence Report ["PSR"]) at 122.) Counsel also highlighted these deficiencies in his sentencing memorandum. (Doc. No. 24 (Defendant's Sentencing Memorandum) at 129.) Aware of these deficits, the Court specifically provided in its judgment for Edwards to receive mental health treatment, if appropriate. (Doc. No. 26 at 138.) Edwards has failed to show that there is a reasonable probability that he would not have entered a plea of guilty and would have gone to trial or that the Court would not have accepted his plea. Additionally, Edwards does not provide evidence of diminished mental capacity to prove that he could not form the required *mens rea* for felon in possession of a firearm and ammunition. Accordingly, he would be unable to demonstrate that his attorney was not performing as the counsel guaranteed by the Sixth Amendment, and he would not have been entitled to relief from the Court's judgment.

## VI. Conclusion

For the foregoing reasons, Edwards' untimely motion to vacate, set aside, or correct his sentence (Doc. No. 27) is denied and this case is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and

that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 9, 2019

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**